## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**DEBRA LYNN SMITH**                                    **PLAINTIFF,**

**v.**                                    Case No. 3:16cv250DPJ-FKB

**ASHRO, INC., CITIBANK, N.A.**
**SEARS CONSUMER FINANCIAL CORP,**
**and WELLS FARGO BANK, N.A.**

**DEFENDANTS.**

---

### NOTICE OF REMOVAL

---

Defendants identified as Citibank, N.A. and Sears Consumer Financial Corp. (Defendants) file this Notice of Removal from the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, stating as follows:

### Introduction

Plaintiff Debra Lynn Smith filed this lawsuit in the Circuit Court of Hinds County, Mississippi, on February 22, 2016. The case was assigned Civil Action No. 16-129. A true and correct copy of the entire state court file, which includes a copy of all pleadings, process, and orders served on any party, is attached as Exhibit "1."

The Complaint alleges "violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. and of state laws." (Ex. 1, Comp. ¶ 1). Based on the allegations in the Complaint, this Court has subject matter jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 because she alleges violation of 15 U.S.C. § 1681, the Fair Credit Reporting Act. This

Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[1]

## **Procedural Requirements**

Defendant identified as Citibank, N.A. was served with the Summons and Complaint on March 22, 2016. Defendant identified as Sears Consumer Financial Corp. was served with the Summons and Complaint on February 26, 2016. Defendants Wells Fargo Bank, N.A. and Ashro, Inc. were served with the Summons and Complaint on February 26, 2016, and March 7, 2016, respectively however, they were both voluntarily dismissed by Plaintiff on April 4, 2016. (See Exhibit 1). As such, their joinder in, and consent to this removal is unnecessary. See, e.g., Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993) (overruled on other grounds by Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (7th Cir.2006)).

Thus, this removal was filed within 30 days of the date Defendant identified as Citibank, N.A. was served, it is timely under 28 U.S.C. §1446. See, e.g., 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal").

No prior application has been made for the relief requested herein.

The United States District Court for the Southern District of Mississippi, Northern Division, is the district and division embracing the place where this action is pending in state court. 28 U.S.C. §1441(a).

Contemporaneous with the filing of this Notice of Removal, Defendants will file a copy of same with the Circuit Court of Hinds County, Mississippi, in accordance with 28 U.S.C. §

---

[1] Nothing in this Notice of Removal should be construed as an admission that Plaintiff's claims against Defendants have any merit whatsoever. Defendants expressly deny that they committed any wrongdoing.

1446(d). Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

### Argument and Citation to Legal Authority

**A.     FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION.**

This action may be removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1331.

Specifically, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

In the Complaint, Plaintiff alleges a violation to of the Fair Credit Reporting Act, 15 U.S.C. § 1681. (See Compl. ¶¶ 1, 15-16, 18, 20, 21-22). Because Plaintiff has asserted a claim arising under federal law, this Court has federal question jurisdiction.

**B.     SUPPLEMENTAL JURISDICTION EXISTS OVER PLAINTIFF'S STATE LAW CLAIMS.**

This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367. Specifically, all of Plaintiff's claims are based on Defendants' alleged review of Plaintiff's

Equifax credit file. (See Compl. ¶¶ 11-20). For these reasons, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## Adoption and Reservation of Defenses

Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Defendants' right to compel arbitration, assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) improper joinder of claims and/or parties; (2) failure to state a claim; (3) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; (4) failure to meet minimum pleading requirements under Fed. R. Civ. P. 8; or (5) any other pertinent defense available under Rule 12 of the governing rules of procedure, any state or federal statute, or otherwise.

To the extent remand is sought by Plaintiff or visited by this Court, Defendants respectfully requests an opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

Defendants reserve the right to supplement this Notice of Removal as may be necessary or appropriate.

## Conclusion

WHEREFORE, Defendants pray that this Court take jurisdiction of this action.

Respectfully submitted this 7th day of April, 2016.

Respectfully Submitted,

**Defendants identified as Citibank, N.A. and Sears Consumer Financial Corp.**

Joshua H. Threadcraft (100495)
Bradley B. Vance (100317)

**OF COUNSEL:**

Burr & Forman, LLP
401 E. Capitol Street, Suite 100
Jackson, Mississippi  39201
Telephone:     601-355-3434
Facsimile:     601-355-5150
E-mail:        bvance@burr.com

and

Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone:     205-251-300
Facsimile:     205-413-8701
Email:         Joshua.Threadcraft@burr.com

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 7th day of April, 2016, I caused a copy of the foregoing to be served via first class U.S. Mail, postage prepaid as designated below.

**Carroll Louis Clifford , IV**
Clifford Law Firm, PLLC
1058 Ridgewood Place Suite E-1
JACKSON , MS 39211
Email: louis@clifford-law.com

**Joseph Patrick Frascogna**
Frascogna & Frascogna, PLLC
234 East Capitol Street, Second Floor
JACKSON , MS 39201
Email: patfrascogna@frascolaw.com

_____
Joshua H. Threadcraft (100495)
Bradley B. Vance (100317)
Burr & Forman, LLP
401 E. Capitol Street, Suite 100
Jackson, Mississippi 39201
Telephone:     601-355-3434
Facsimile:     601-355-5150
E-mail: Joshua.Threadcraft@burr.com
                  bvance@burr.com